the building would thereby have been completed, and, for that matter, no such contract was completed by the letter which followed the telegram.  The case, therefore, falls squarely within the principle announced in *W. U. Tel. Co. v. Adams Mach. Co.,* 92 Miss. 849, 47 South. 412, and the peremptory instruction requested by appellant should have been given.

*Reversed and remanded.*

---

REUBEN DOBBS v. STATE OF MISSISSIPPI.

[51 South. 915.]

CRIMINAL LAW AND PROCEDURE.  *Forgery.   Continuance.*

> An application for a continuance by a defendant charged with forgery, because of the absence without his connivance or consent of the only witness by whom he could prove that the instrument charged to have been forged was executed by an authorized agent of the party whose name was subscribed to it, should be granted where the witness was within the jurisdiction of the court and process had been issued for him and returned "not found," although the state admitted that the witness would, if present, have testified as stated in the application.

FROM the circuit court of, first district, Chickasaw county. HON. JOHN H. MITCHELL, Judge.

Dobbs, appellant, was indicted and tried for, convicted of forgery and appealed to the supreme court.  The instrument charged to have been forged was a check on a bank, payable to appellant, for $78, to which the name "T. W. Harrington" was subscribed.  When the case was called for trial, the defendant moved for a continuance because of the absence of a witness, Willis Bean, who, appellant affirmed, if present, would testify that the son-in-law of Harrington, who had authority to do so, executed the check and delivered it to defendant in payment of

a debt. A subpœna had been issued for the witness, but it had been returned "not found." The witness was shown by the application to be within the jurisdiction of the court and absent without defendant's connivance or consent. The district attorney agreed to admit that the witness would testify to the facts set out in the application, and the court thereupon overruled the application for a continuance and forced the defendant to trial. In view of the opinion of the court no further statement of the facts is necessary.

*George T. Mitchell,* for appellant.

The defendant's application for a continuance should have been granted. *Havens v. State,* 75 Miss. 488; *Scott v. State,* 80 Miss. 197; *Watson v. State,* 81 Miss. 700; *Montgomery v. State,* 85 Miss. 330; *Caldwell v. State,* 85 Miss. 383; *Walton v. State,* 87 Miss. 296; *Watts v. Stale,* 90 Miss. 757.

*George Butler,* assistant attorney-general, for appellee.

The trial court exercised a discretion in refusing the continuance and it does not appear that the discretion was abused.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony of the witness Willis Bean was vital, and the refusal to continue on account of his absence, under the showing made in this record, was fatal error.

*Reversed and remanded.*